IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                               PLAINTIFF

v.                     Case No. 4:12-cr-00150-01-KGB
                              4:16-cv-00336-KGB

ARRYN GERRARD STALLINGS                                                             DEFENDANT

## ORDER

Before the Court are defendant Arryn Stallings's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (Dkt. No. 25) and motion to appoint counsel (Dkt. No. 26). For the following reasons, the Court denies the motions.

### I.   Factual Background

On January 29, 2013, Mr. Stallings pled guilty to possession of a firearm in furtherance of a drug trafficking crime (Count 4) and felon in possession of a firearm (Count 5) (Dkt. No. 16). On May 7, 2013, Mr. Stallings was sentenced to 60 months of imprisonment on Count 4 and a consecutive 18 months of imprisonment on Count 5, for a total of 78 months in prison. In the pending motion, Mr. Stallings contends that the United States Supreme Court's ruling in *United States v. Johnson*, 135 S. Ct. 2551 (2015), would invalidate the "application of a sentencing enchantment in U.S.S.G. § 2K2.1" (Dkt. No. 25).

### II.   Discussion

Mr. Stallings asserts that his sentence is unconstitutional in the light of the United States Supreme Court's ruling in *United States v. Johnson*, which addressed sentences based on the "residual clause" of the Armed Career Criminal Act ("ACCA"). Under the ACCA a defendant receives an increased sentence – a statutory, mandatory minimum of 15 years – if he had three

separate, previous convictions for "a violent felony or a serious drug offense, or both . . . ." 18 U.S.C. § 924(e)(1). "Violent felony" was defined, in part, as a felony that:

>   (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
>   (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B).

The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause." In *Johnson*, the Supreme Court held that the "residual clause" of the ACCA was unconstitutionally vague and violated due process.

Mr. Stallings was sentenced to 78 months of imprisonment for being a felon in possession of a firearm and possessing the firearm in furtherance of a drug trafficking offense, which are violations of 18 U.S.C. §§ 924 (g)(1) and 924(c)(1)(A). He was neither charged nor sentenced under 18 U.S.C. § 924(e), so the ACCA did not affect his sentence. Additionally, had Mr. Stallings been sentenced under the ACCA, he would have received, at least, the statutory mandatory minimum of 15 years of imprisonment. Finally, Mr. Stallings had no prior convictions that were used to enhance his sentence. In fact, he had a criminal history score of zero.

### III. Conclusion

Based on the foregoing findings of fact and conclusions of law, the Court denies Mr. Stallings's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (Dkt. No. 25) and

motion to appoint counsel (Dkt. No. 26).  Accordingly, the civil case, Case No. 4:16-cv-00336, is dismissed.

So ordered this 13th day of June, 2016.

_____
Kristine G. Baker
United States District Judge